AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
JUL 09 2019
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

One LG cellphone, Model: CV3NA75, IMEI: 357138-09-05615-8; and One LG cellphone Model: LS675, FCC ID: ZNFLS675

Case No.  '19MJ 2851

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |
| Title 18 U.S.C. § 1708 | Possession of Stolen Mail |

The application is based on these facts:

See Affidavit incorporated herein

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Yolanda Rivera, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/8/19

*Judge's signature*

City and state: San Diego, California    Hon. William V. Gallo, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Yolanda Rivera, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, hereby declare as follows:

### INTRODUCTION

1. This affidavit supports an application for a warrant authorizing a search warrant for the following digital devices seized from Eric Mendoza TANORY ("TANORY") on May 17, 2019, which is in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives, in Carlsbad, California, as described more fully in "Attachment A," which is hereby incorporated by reference:

   - One (1) LG cellphone, black back plate, Model: LS675, FCC ID: ZNFLS675, bearing serial number 601CYHE0752257 ("SUBJECT DEVICE 1"); and

   - One (1) LG cellphone, Model: CV3NA75, blue back plate, IMEI: 357138-09-05615-8 ("SUBJECT DEVICE 2") (collectively, the "SUBJECT DEVICES").

2. The evidence to be searched for and seized between January 17, 2019, to May 17, 2019, is described in "Attachment B," which is hereby incorporated by reference.

3. Based on the information below, there is probable cause to believe that the SUBJECT DEVICES are instrumentalities used in the commission of a crime and contains evidence of crimes, specifically the crimes of Title 18, U.S.C., § 922(g)(1) – Felon in Possession of Ammunition, and Title 18, U.S.C., § 1708 – Possession of Stolen mail (collectively referred to herein as the "SUBJECT OFFENSES").

### AGENT EXPERIENCE AND BACKGROUND

4. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), United States Department of Justice, and have been so employed since April of 2013. I have been trained in the Federal Law Enforcement Training Center (FLETC) under the following programs: Criminal Investigator Training Program and Special Agent Basic Training. My background education consists of a Bachelor's degree

in Social Science with a concentration in Criminology; and a Master's degree in Forensic Sciences from The University of Turabo in 2001 and 2008. I am assigned to the San Diego IV Field Office in North County San Diego.

5. As a result of my training and experience as an ATF Special Agent, I am familiar with both federal and state criminal laws. My primary duties include the enforcement of federal firearms and explosives laws. I have assisted in investigations involving the possession of firearms by prohibited persons and the possession of illegal firearms. I also have assisted in investigations involving the possession and distribution of illegal narcotics. I have assisted in the preparation and execution of arrest warrants involving various violations of federal and state laws.

6. I make this affidavit from personal knowledge based on my participation in the investigation, including witness interviews and reviews of reports by myself and/or law enforcement agents, communication with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

7. Through the course of my training, investigations, and conversations with other law enforcement personnel, I am aware that it is a common practice for illegal firearms possessors to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators in order to further their criminal activities. Conspiracies involving illegal firearms possession generate many types of evidence including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel and payment, names, photographs, text messages, emails, instant messages, social networking messages, and phone numbers of co-conspirators. Further, I am aware that illegal firearms possessors illegally obtain firearms and ammunition from others, and do so by utilizing cellular

telephones, pagers and portable radios to maintain communications with co-conspirators in order to further their criminal activities.

8. Based upon my training and experience as an investigator, and consultations with law enforcement officers experienced in firearms investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

    a. Illegal firearms possessors often use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, social networking sites, and voice messages.

    b. Illegal firearms possessors will use cellular telephones to set up the purchase and/or sale of firearms with suppliers and customers;

    c. Illegal firearms possessors often use cellular telephones to communicate with each other regarding payment and other financial arrangements relating to the possession and transfer of firearms and ammunition.

## FACTS SUPPORTING PROBABLE CAUSE

9. On May 17, 2019, at approximately 3:20 p.m., San Diego Sheriff's Department ("SDSO") Deputies were dispatched to a report of fraud at the Pala Casino located at 11154 Pala Rd, on the Pala Indian Reservation in San Diego County. They were advised that casino security had TANORY detained for suspected check fraud. Records checks revealed that TANORY was also wanted for a parole violation.

10. Pala Casino personnel said TANORY and his companion J.S. arrived at the casino in a darker colored Chevrolet Silverado. Deputies contacted TANORY who was in an interview room handcuffed. Security warned deputies that TANORY had a syringe in his pocket. TANORY told deputies that the syringe contained "speed." Deputies searched TANORY and found a set of Chevrolet keys in is right back jeans pocket, a syringe with a clear liquid substance, and a small bindle of a brown tar-like substance. TANORY said the brown tar-like substance was, "heroin."

11. TANORY initially stated the keys belonged to his work truck in Oceanside. Deputies, however, matched the keys with a Chevrolet Silverado parked in the parking lot.

3

Deputies asked TANORY what they were going to find in the truck and he stated, "a gun." TANORY additionally stated, "[t]hose are the keys to the truck." Deputies asked if the truck belonged to him and TANORY stated, "I stole it…there's a badass AR in there."

12.  Deputies conducted records checks and confirmed the Chevrolet Silverado was stolen.  During a search of the Chevrolet Silverado, deputies found a black duffle bag containing hundreds of articles of mail from different residents in Riverside County.  They also found an AR-style pistol produced from an unfinished lower receiver in a red Jordan bag located in the rear passenger area of the Silverado.  The AR pistol did not bear markings and was disassembled with the upper and lower receivers separated.  Deputies also found a 30-round firearm magazine and high capacity drum magazine containing assorted PMC, FC and Lake City Armory .223 caliber ammunition totaling 91 rounds.

13.  Deputies arrested TANORY and transported him to the station.  He was read his *Miranda* admonishment and advised deputies that he understood his rights and he was willing to speak.  TANORY admitted to attempting to cash a false check that he stole from the mail at the casino. Deputies asked TANORY if he was going around stealing mail; TANORY responded by nodding his head up and down signifying "yes."  Deputies asked TANORY where he stole the mail from and TANORY replied, "[e]verywhere."  TANORY did not know how many residences he took mail from but he said it was more than 20 homes.   TANORY confirmed that the large black duffle bag deputies found in the Chevrolet Silverado contained the stolen mail and the bag belonged to him. TANORY said he bought the AR pistol and ammunition for $1,000 from an individual in Pala because he wanted to shoot it.  TANORY admitted to stealing the Silverado and confessed that the "speed" and "heroin" belonged to him.  He also admitted using drugs every two hours.  Deputies asked TANORY if he knew he was a felon and knew that he should not be in possession of weapons and ammunition to which TANORY replied, "yes."

14.  Additionally, according to SDSD report, TANORY stated he is a criminal street gang member with "18 Street."  Based on the deputies training and experience "18th

4

Street" is a multi-ethnic criminal organization that started, and is still heavily active in the Los Angeles area.

15. Deputies seized the SUBJECT DEVICES from TANORY during a search incident to arrest and search of the stolen vehicle at Pala Casino.

16. A subsequent query of TANORY's criminal history revealed he is a previously convicted felon in the State of California. TANORY's most recent felony conviction was on 12/21/2018, case number RIF1805223, for violating California Penal Code 496D(A) – Possession of Stolen Vehicle. TANORY pled guilty and was sentenced to three (3) years in County Jail.

17. ATF conducted a preliminary review of the ammunition seized during TANORY's arrest. The preliminary checks revealed that the ammunition was not manufactured in California. Therefore, the ammunition traveled in, and/or affected interstate commerce to arrive in the State of California.

## The SUBJECT DEVICES

18. I believe that the SUBJECT DEVICES were possessed by and/or belongs to TANORY and, therefore, may contain evidence of the SUBJECT OFFENSES. Based upon my training and experience and the experience conveyed to me by veteran law enforcement officers, I know that recent calls made and received, telephone numbers, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of cellular telephones and other electronic devices which provides information relevant to illicit activities of the defendant, such as: purchasing and/or possessing illegal firearms, and possession of stolen mail from several California residents; and identify other persons involved in these criminal activities.

## Procedures For Electronically Stored Information

19. It is not possible to determine, merely by knowing the cellular telephone=s make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as

5

personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

20. Following the issuance of this warrant, I will collect the subject cellular telephones and subject them to analysis. All forensic analysis of the data contained within the telephones and thier memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

21. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

### Genuine Risks of Destruction

22. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, electronically stored data can be

permanently deleted or modified by users possessing basic computer skills. In this case, only if the subject receives advance warning of the execution of this warrant, will there be a genuine risk of destruction of evidence.

### PRIOR ATTEMPTS TO OBTAIN INFORMATION

23. The SUBJECT DEVICES have not previously been downloaded.

### CONCLUSION

24. Based on my training and experience, and the foregoing facts, I believe there is probable cause to believe the items listed in Attachment B, which are the instrumentalities, and evidence of the SUBJECT OFFENSES will be found in the SUBJECT DEVICES, which is more particularly described in Attachment A.

Respectfully submitted,

Yolanda Rivera
Special Agent
ATF

Subscribed and sworn to before me on July 8, 2019.

Honorable William V. Gallo
United States Magistrate Judge

7

## ATTACHMENT A

### Description of Property to be Searched

The property to be searched in connection with an investigation of violations of Title 18, U.S.C., § 922(g)(1) – Felon in Possession of Ammunition, and Title 18, U.S.C., § 1708 – Possession of Stolen mail, is described below:

- SUBJECT DEVICE 1 described as One (1) LG cellphone, black back plate, Model: LS675, FCC ID: ZNFLS675, bearing serial number 601CYHE0752257; and
- SUBJECT DEVICE 2 described One (1) LG cellphone, Model: CV3NA75, blue back plate, IMEI: 357138-09-05615-8. Included in the search of the devices are SIM cards and any removable memory cards, if applicable.

The SUBJECT DEVICES are currently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives, in Carlsbad, California and were seized by from Eric Mendoza TANORY's search incident to arrest on May 17, 2019.

## ATTACHMENT B

## Description of Items to be Seized

The following constitute evidence, and instrumentalities of violations of federal criminal law, namely, Title 18, U.S.C., § 922(g)(1) – Felon in Possession of Ammunition, and Title 18, U.S.C., § 1708 – Possession of Stolen mail, between January 17, 2019, to May 17, 2019 as described below:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:
   a. tending to indicate efforts to obtain/possess stolen mail, firearms, and/or ammunition;
   b. tending to identify other facilities, storage devices, or services—such as email addresses, IP addresses, phone numbers—that may contain electronic evidence tending to indicate efforts to obtain/possess stolen mail, firearms and ammunition;
   c. tending to identify co-conspirators, criminal associates, or others involved in obtaining/possessing stolen mail, firearms and/or ammunition;
   d. tending to identify travel to or presence at locations involved in the obtaining/possessing stolen mail, firearms and/or ammunition;
   e. tending to identify the user of, or persons with control over or access to, the subject phone; or
   f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.